UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCKENSI A. LAMBERT AND<br>CAYLEY L. MOREAU | : <br> : <br> : | CIVIL ACTION NO.: _____ |
| VERSUS | : <br> : | JUDGE:_____ |
| CHOPSTIX, LLC D/B/A GEISHA SUSHI<br>WITH A FLAIR, GEISHAVILLE, L.L.C.,<br>BINH MAI, TIEN, ROBERT LINDSEY,<br>STEPHEN MOLONY AND ABC INSURANCE<br>COMPANY | : <br> : <br> : <br> : <br> : | MAGISTRATE JUDGE:<br>_____ |

**COMPLAINT**

NOW COMES, through undersigned counsel, laintiffs MCKENSI A. LAMBERT AND CAYLEY L. MOREAU persons of full age of majority and domiciled in the Parish of Ascension, State of Louisiana, who respectfully represents the following:

1.

Made defendants herein are:

A. CHOPSTIX, LLC D/B/A GEISHA SUSHI WITH A FLAIR a domestic Louisiana Liability Company doing business in the Parish of Ascension, State of Louisiana, domiciled in the Parish of Livingston, State of Louisiana;

B. GEISHAVILLE, L.L.C. a domestic Louisiana Liability Company doing business in the Parish of Ascension, State of Louisiana, domiciled in the Parish of Ascension, State of Louisiana;

C. BINH MAI, a person of full age of majority working in Ascension Parish and upon information and belief domiciled in the Parish of East Baton Rouge, State of Louisiana; and

C. TIEN, a person of full age of majority working in Ascension Parish and upon information

and belief domiciled in the Parish of Livingston State of Louisiana, and;

D. ROBERT LINDSEY, a person of full age of majority working in Ascension Parish and upon information and belief domiciled in the Parish of Ascension, State of Louisiana; and

E. STEPHEN MOLONY, a person of full age of majority working in Ascension Parish and upon information and belief domiciled in the Parish of Ascension, State of Louisiana; and

F. ABC INSURANCE COMPANY, a foreign or domestic insurer doing business in the State of Louisiana.

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States, non-exclusively, Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq. and 42 U.S.C. § 1981.

3.

This Court has Supplemental Jurisdiction over all Plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. § 1367(a) in that the State Law claims are so related to the Original Jurisdiction claims under Title VII that they form part of the same case or controversy.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3) in that the events in violation of law occurred in Ascension Parish, State of Louisiana and the Defendants principal place of business is in Ascension Parish, State of Louisiana within the jurisdiction of the United States District Court, Middle District of Louisiana.

5.

Upon information and belief Defendant ABC Insurance Company is a foreign corporation

authorized to do and doing business in the State of Louisiana, and at all times pertinent hereto had in full force and effect a policy of liability insurance covering defendants .

6.

Plaintiffs, Mckensie A. Lambert and Cayley L. Moreau, received their right to sue letter from the Equal Employment Opportunity Commission thereby satisfying their administrative remedies according to law. (See attached Exhibit 1 and Exhibit 2).

7.

Defendants are indebted unto plaintiffs for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, attorney's fees, costs, with interest thereon from the date of judicial demand until paid pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a), La. R.S. 23:303, et.seq. and applicable Louisiana State Law torts.

8.

Mckensi A. Lambert was hired by Chopstix, LLC d/b/a Geisha Sushi with a Flair in July 2019 as a Server. While employed by Defendant, Ms. Lambert was subjected to multiple instances of unprovoked, intentional and systematic discrimination based upon Ms. Lambert's status in a protected class, female. The discrimination began in approximately November of 2019. Specifically, her direct supervisor, Stephen Malony continuously made comments about Ms. Lambert's body, his sexual habits and those of other female employees and customers. Tien, the owner sent pictures of his genitalia to other employees on snapchat. Ms. Lambert's supervisor, Stephen Malony is married and talked consistently about how he was going to get divorced and how lonely he was.

In addition, Ms. Lambert's supervisor, Stephen Molony kept a vibrating neck massager in the

restaurant so that he could massage girls shoulders. Mr. Molony suggested that Ms. Lambert insert the neck massager into her vagina. Ms. Lambert was appalled and told her female supervisor about the incident and complained that she was being sexually harassed. An investigation was started and after two months of avoiding Mr. Molony, a meeting was held in which he apologized and gave Ms. Lambert a hug. However, the harassment, comments and suggestions never stopped.

9.

Plaintiff, Mckensi A. Lambert, believes that she has been harassed and discriminated against because of her sex and sexually harassed by Defendants, Stephen Molony and Tien. In addition, plaintiff believes she was retaliated against for refusing the sexual advances of their boss/supervisor. This behavior by Defendants and managements failure to take corrective action to prevent damages caused Plaintiff to resign from Geisha.

10.

Cayley Moreau was hired by Chopstix, LLC in July 2018 as a Host. While employed by defendant, Ms. Moreau was subjected to multiple instances of unprovoked, intentional and systematic discrimination based upon Ms. Moreau's status in a protected class, female and African American. Specifically, her direct supervisor, Robert Lindsey continuously made comments about Ms. Moreau's body, his sexual habits and those of other female employees and customers. Tien, the owner sent pictures of his genitalia to other employees on snapchat. Stephen is married and talked consistently about how he was going to get divorced and how lonely he was.

In addition, the owner Thanh Binh mai made offensive racial comments about all blacks should be killed. Ms. Moreau was referred to as an "Avatar." Ms. Moreau found this conduct very offensive and complained to Stephen, her supervisor who said he would talk to the owner about the offensive behavior.

However, the harassment, comments and suggestions never stopped. The environment became so toxic that Ms. Moreau had to leave and was constructively discharged due to the racist/sexist environment.

11.

Plaintiff, Cayley L. Moreau, believes that she has been harassed and discriminated against because of her sex and race and sexually harassed by Defendants, Robert Lindsay, Thanh Binhmai and Tien Le. In addition, plaintiff believes she was retaliated against for refusing the sexual advances of their boss/supervisor. This behavior by Defendants and managements failure to take corrective action to prevent damages caused Plaintiff to resign from Geisha

12.

Defendants willfully and knowingly allowed a permissive and encouraging environment for sex discrimination and sexual harassment to exist and knew or should have known that its employee/managers were sexually harassing employees and yet failed to take action to prevent plaintiffs' damages.

13.

Plaintiffs were singled out and intentionally discriminated against by the defendants because of her sex in violation of La. R.S. 23:302 et. seq. and Title 23 § 332(A)(1) et. Seq. Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a) and was ultimately terminated.

14.

The instances of harassment outlined herein created an extreme hostile work environment based on sex and race and caused Plaintiff Cayley L. Moreau extreme emotional distress.

15.

The instances of harassment outlined herein created an extreme hostile work environment based on sex and caused Plaintiff Mckensi A. Lambert extreme emotional distress.

16.

Additionally, Plaintiffs have suffered intentional infliction of emotional distress by defendants and their employees, owners and managers on a continuing basis constituting a continuing intentional tort.

17.

Plaintiffs received no training on discrimination and harassment in the work place and to plaintiffs knowledge, neither did management.

18.

Due the acts of the defendants outlined herein, Plaintiffs suffered and continues to suffer:

A. Conscious pain and suffering;

B. Physical injury;

C. Great mental distress;

D. Humiliation;

E. Emotional distress;

F. Loss of income and employment;

G. Loss of employability;

H. Loss of benefits;

I. Loss of wages, past, present and future;

J. Loss of anticipated wages which would have resulted from promotion;

K. Loss of promotion;

L. Defamation;

M. Loss of employability;

N. Medical expenses;

O.      Punitive Damages;

P.      Attorneys fees;

Q.      Costs;

R.      Interest on damages;

S.      Interest on attorney's fees'

T.      Other losses and injuries which will be shown at trial on the merits.

19.

Plaintiffs are entitled to attorney's fees pursuant to Louisiana Revised Statute Title 23 § 303(A) et. seq., La. R.S. 23 § 967, La. R.S. 23 § 632, Title VII and 42 U.S.C. 2000e-5(g)(2) along with interest on attorneys fees according to law.

20.

Plaintiffs are entitled to punitive damages pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq. and 42 U.S.C. § 1981 and 1981a.

21.

The Claims of plaintiffs are continuing in nature and as a result relate back to the earliest date of discrimination.

22.

Defendants Chopstix, LLC D/b/a Geisha Sushi with a Flair and Geishaville, LLC are vicariously liable for the acts of their employees and managers.

23.

Notice of this lawsuit was timely provided to defendants pursuant to La. R.S. 23:303(C).

WHEREFORE, Plaintiffs MCKENSI A. LAMBERT AND CAYLEY L. MOREAU pray that

the Defendants CHOPSTIX, LLC D/B/A GEISHA SUSHI WITH A FLAIR, GEISHAVILLE, L.L.C., BINH MAI, TIHN, ROBERT LINDSEY, STEPHEN MOLONY AND ABC INSURANCE COMPANY be served with a copy of this complaint and be summoned to appear and answer same within the delays provided by law and that after the expiration of all legal delays and due proceedings are had, that there be a judgment rendered herein in favor of plaintiffs and against the defendants for such damages as are reasonable in the premises, including but not limited to emotional distress, lost wages, compensatory damages, special damages, punitive damages and attorney's fees together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings and any other relief justice and equity demand.

Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
8148 Highway 44
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300